

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00383-CR

**WILLIE CONTRERAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1337-C1**

## O P I N I O N

Appellant, Willie Contreras, appeals from his conviction for murder, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 19.02(b)-(c) (West 2011).  In one issue, Contreras contends that the trial court erred by prohibiting defense counsel "from making a comparison between the different burdens of proof established in Texas jurisprudence."  Because we find the complained-of error to be harmless, we affirm.

## I.   BACKGROUND

In this case, Contreras was charged by indictment with the murder of seventeen-year-old Nathan Romo.  *See id.*  The trial in this matter commenced on September 27, 2011.  During voir dire, appellant's counsel requested that he be allowed to compare the civil preponderance-of-the-evidence standard with the criminal beyond-a-reasonable-doubt standard to ensure that jurors understood the distinctions between the standards. The trial court denied appellant's request to make such a comparison.

At the conclusion of the evidence, the jury convicted Contreras of the charged offense and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  This appeal ensued.

## II.   VOIR DIRE AND THE STANDARDS OF PROOF

In his sole issue on appeal, Contreras complains that the trial court erred in prohibiting him from contrasting the different standards of proof during voir dire.

## A.   Appellant's Request

During voir dire, the following colloquy transpired:

> [Defense counsel]:   Yes, Your Honor.  My second request, Your Honor, I know the Court has a policy of not permitting voir dire on the different burdens of proof, civil, preponderance, and criminal, beyond a reasonable doubt and drawing distinctions.

> THE COURT:   The standards of proof.

> [Defense counsel]:   The standards of proof.  I would point out to the Court that there are 10 jurors in the strike zone this morning who have prior civil jury service, and I would want to question them to be sure that they understand that the burden of proof that they applied

in that civil trial is not the same as beyond a reasonable doubt. I believe the Court's instructions generally are, beyond a reasonable doubt is not beyond all doubt, that sort of thing, and it's kind of up to individual jurors to decide for themselves.

. . . .

[Defense counsel]: But I would request that I be permitted to talk to these particular jurors, and I'll identify them as 1, 3, 9, 12, 13, 20, 26, 27, 29, and 31, who are within the strike zone, and then Jurors 35, 39, 44, and 48, who are out of the strike zone, who have all indicated prior civil jury service, and we would like to question them to be sure they understand the distinction. If the Court chooses not to permit that, we would argue that that would deny our right to exercise our peremptory challenges intelligently.[1]

THE COURT: What is it you wish to ask them? What inclination do you wish to give?

[Defense counsel]: I would ask them—remind them that the standard in the trials that they served in was a preponderance of the evidence and ask them if they understand that the burden in this case is a greater burden.

THE COURT: And what do you mean by "a greater burden"?

[Defense counsel]: Judge, my understanding of the standard of proof is that beyond a reasonable doubt requires more than just a 51 percent proof.

. . . .

THE COURT: Because that's not true. That's simply not the case. There is no statute or case or rule that has ever said that this 51 percent—it requires 51 percent of the facts. . . .

---

[1] The record reflects that, of the jurors listed by appellant's counsel, only jurors 1, 9, 12, and 20 served on the jury in this case.

. . . .

THE COURT: It does not require.  Reasonable doubt as it is applied in a criminal case does not require a greater amount of evidence or a greater amount of proof, because you may can [sic] argue [that it] requires a greater degree of certainty in the mind of the juror, but if a juror is able to listen to the evidence and apply whatever standard or whatever definition they wish to give to proof beyond a reasonable doubt, that's adequate, and there is no way to quantify, is there?

. . . .

THE COURT: That's the reason I don't allow a comparison of those standards, because it's meaningless and, in fact, it's misleading, because one jury can hear a certain set of facts and not be convinced by a preponderance of the evidence that that standard was being used, and another set of jurors or a juror might hear exactly those same facts and be convinced beyond a reasonable doubt on those same facts, because it's not determined by how many witnesses are called or how much evidence is introduced.  It's simply an abstract concept in the mind of the juror, and that's the reason I don't allow that comparison, and I'm not going to in this case.

[Defense counsel]: I understand that, Judge.  I still respectfully disagree, but I understand your ruling.

THE COURT: Okay.  Thank you.  Anything else?

[Defense counsel]: Nothing further, Your Honor.

## B.    Applicable Law

The trial court has broad discretion over the process of selecting a jury.  *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003).  We leave to the trial court's discretion the propriety of a particular question and will not disturb the trial court's decision

absent an abuse of discretion. *Id.* A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry. *Id.* at 755-56. "A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Id.* at 755. "However, an otherwise proper question is impermissible if the question attempts to commit the juror to a particular verdict based on particular facts." *Id.* "In addition, a trial judge may prohibit as improper a voir dire question that is so vague or broad in nature as to constitute a global fishing expedition." *Id.*

## C.     Discussion

Contreras was tried in September 2011, and in March 2012, the Texas Court of Criminal Appeals decided *Fuller v. State*, 363 S.W.3d 583 (Tex. Crim. App. 2012). In *Fuller*, the Court stated that the jury's ability to apply the correct standard of proof remains an issue in every criminal case. *Id.* at 587. The Court then held that inquiry into whether a prospective juror understands that proof beyond a reasonable doubt must at least constitute a more onerous standard of proof than preponderance of the evidence and clear and convincing evidence is permissible.[2] *Id.* ("[I]nquiry into a

---

[2] In *Fuller*, defense counsel made the following request, which is somewhat similar to the request made in this case:

> Judge, I would request that I be allowed to ask each and every member of the venire panel if they understand that proof beyond a reasonable doubt is the highest burden that we have under the law, that it's higher than clear and convincing evidence. I would like to explain to them that clear and convincing evidence is the type of burden that might be used when someone is committed to an involuntary health institution or when someone is trying to terminate someone's parental rights.

> I would like to explain to them that it's higher than—I probably would have started at the other end—but higher than the preponderance of the evidence, which is just over 50 percent and that's the kind of burden that might be used in a civil lawsuit when someone is suing over money.

prospective juror's understanding of what proof beyond a reasonable doubt means constitutes a proper question *regardless* of whether the law specifically defines that term.") (emphasis in original). The Court further stated that it is appropriate to explain the contrast among the various standards of proof. *Id.* at 588. Therefore, in light of *Fuller*, we conclude that the trial court erred in refusing to allow defense counsel to question prospective jurors about their understanding of the various standards of proof. *See id.*; *see also Dinkins v. State*, 894 S.W.2d 330, 343-45 (Tex. Crim. App. 1995) (concluding that the trial court abused its discretion in failing to permit appellant to ask a prospective juror whether he could adhere to the definition of reasonable doubt that was provided under the law at the time, but that the error was harmless).

However, the denial of appropriate questioning during voir dire constitutes non-constitutional error that is subject to harm analysis. *See Fuller*, 363 S.W.3d at 589; *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005); *see also Easley v. State*, No. 10-12-00018-CR, 2012 Tex. App. LEXIS 7859, at *3 (Tex. App.—Waco Sept. 13, 2012, no pet. h.) (mem. op., not designated for publication). A reviewing court should disregard any "error, defect, irregularity, or variance that does not affect substantial rights" of the appellant. TEX. R. APP. P. 44.2(b). A substantial right is affected "when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Rich*, 160 S.W.3d at 577. In conducting the harm analysis, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of

---

I would like to ask them if they understand that proof beyond a reasonable doubt is the highest burden we have anywhere in our legal system.

*Fuller v. State*, 363 S.W.3d 583, 584 (Tex. Crim. App. 2012).

the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Id.*

During voir dire, the trial court instructed the jury panel that, at all times, the State has the burden of proof; that the State has to produce evidence; and that Contreras did not have to produce evidence because he is presumed innocent. The trial court also thoroughly discussed the beyond-a-reasonable-doubt standard of proof. And despite not being allowed to compare the civil and criminal standards of proof, Contreras was accorded the opportunity to elicit pertinent information regarding the standard of proof to determine whether individual venire members could follow their oath and render a verdict according to their own understanding of reasonable doubt. Moreover, Contreras was not prevented from challenging venire members based on their individual views concerning what constitutes reasonable doubt, nor was he restricted in the exercise of his peremptory strikes.

Several witnesses testified at trial that Contreras was present at Guthrie Park on the night of the incident; that he fired shots at the pickup truck in which Romo was driving and several others were passengers; and that, as a result of those shots, Romo was killed. Contreras admitted at trial that he fired shots that night, but he denied intending to kill Romo. Nevertheless, the jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Contreras does

not challenge the sufficiency of the evidence to support his conviction. *See, e.g., Anderson*, 2012 Tex. App. LEXIS 6232, at \*8.

In addition, the charge instructed the jury that the State has the burden of proof and must prove each element of the charged offense beyond a reasonable doubt. And during closing arguments, defense counsel emphasized that the State had "failed to prove beyond a reasonable doubt either that [appellant] intended to cause the death of someone in that truck or that he knowingly caused the death of someone in that truck." And finally, we note that the error in denying questions comparing the standards of proof did not shift the burden to the defense or lessen the State's obligation to prove its case beyond a reasonable doubt. *See, e.g., Easley*, 2012 Tex. App. LEXIS 7859, at \*\*4-5 (citing *Anderson v. State*, No. 07-10-139-CR, 2012 Tex. App. LEXIS 6232, at \*\*5-10 (Tex. App.—Amarillo July 30, 2012, no pet.) (mem. op. on remand, not designated for publication)).

Based on the foregoing, we conclude that the trial court improperly limited Contreras's voir dire; however, the jury was properly and clearly instructed that the State had the burden of proving guilt beyond a reasonable doubt. *See, e.g., Anderson*, 2012 Tex. App. LEXIS 6232, at \*9. Accordingly, we find that the trial court's improper limiting of voir dire did not have a substantial and injurious effect or influence on the jury's verdict. *See* TEX. R. APP. P. 44.2(b); *see also Easley*, 2012 Tex. App. LEXIS 7859, at \*6; *Anderson*, 2012 Tex. App. LEXIS 6232, at \*10. We overrule Contreras's sole issue on appeal.

### III.     CONCLUSION

Having overruled Contreras's sole issue on appeal, we affirm the judgment of

the trial court.


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 25, 2012
Publish
[CR25]