

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00019-CR

_____

**TONY ADELL SANDERS,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2011-1336-C1

_____

## MEMORANDUM  OPINION

_____

Tony Sanders was convicted of murder and sentenced to 99 years in prison.  TEX. PEN. CODE ANN. § 19.02 (West 2011).  Sanders complains that the trial court erred by refusing to allow his trial counsel to question the voir dire panel about the comparative burdens of proof and that the State's closing argument regarding how the parole law would affect Sanders was erroneous.  Because we find no reversible error, we affirm the judgment of the trial court.

*Voir Dire*

Sanders complains that the trial court abused its discretion by refusing to allow him to discuss the varying burdens of proof during voir dire. Sanders filed a pretrial motion that contained objections to the trial court's known refusal to allow questioning about the differing burdens of proof.[1] Prior to the panel being seated the following discourse took place:

> THE COURT: Then the defense has filed, kind of, their standard motion about this issue of how much I let you discuss other standards of proof that are applicable in civil cases.
>
> [DEFENSE COUNSEL]: I am mindful of the Court's ruling of the Clifton Grasham-Reeves case, where the same issue was addressed to the Court. My understanding of the Court's rulings, please correct me if I'm wrong, there was a specific issue as to whether or not the State could argue what reasonable doubt is, not by suggesting it's not beyond a shadow of a doubt. And during that pretrial hearing, the Court said he would not allow the State to use that phrase or that question.
>
> I don't know if the Court is going to rule in that same way, but we would certainly ask the Court to do so if we're not going to be allowed to talk about the issues we would like to talk about with respect to beyond a reasonable doubt.
>
> THE COURT: During the Grasham-Reeves trial, did I allow y'all to bring up if there are other standards of proof?
>
> [DEFENSE COUNSEL]: You did, Judge. I think you even qualified the jury panel on that. If I remember correctly, you even talked about clear and convincing could be when, in a family law case, when they are trying to take - - terminate parental rights.

---

[1] *See*, *e.g.*, *Anderson v. State*, No. 07-10-00139-CR, 2012 Tex. App. LEXIS 6232 (Tex. App.—Amarillo July 30, 2012) (mem. op., not designated for publication); *Contreras v. State,* No. 10-11-00383-CR, 2012 Tex. App. LEXIS 8908 (Tex. App.—Waco Oct. 25, 2012, no pet. h.).

What I understand you did not want us to do was to suggest to the jury that beyond a reasonable doubt had to meet a certain standard.

THE COURT: Quantifiable; that's correct.

[DEFENSE COUNSEL]: I wish the Court would change its opinion about that, but I don't think it's going to. We don't intend to do that. I would like to make, at least for the record, some record as to the kinds of questions we would like to go into that the Court is not going to allow us to do.

THE WITNESS (sic): Go ahead.

[DEFENSE COUNSEL]: It's my understanding that the Court is imposing a rule during voir dire that he does not want counsel to try to quantify or ask the jury to try to quantify what beyond a reasonable doubt is, such as using charts, comparing preponderance of the evidence, clear and convincing, and then showing that a higher standard of proof would be beyond a reasonable doubt. We would certainly ask the Court to allow us to do that. We think that's a correct recitation of the law, that beyond a reasonable doubt is the highest burden of proof that our judicial system has.

We would like to be able to talk to the jury about that and at least try to get their feelings as to why they think beyond a reasonable doubt requires the higher degree of evidence. I think I made the argument last time about using the term "quality of evidence," and I can't remember what the Court asked us to do on that, so I would ask you to make a ruling on that also.

THE COURT: To the extent you're asking me to allow y'all to use some chart that implies or that either directly says or implies that it takes more facts or a greater quantity of evidence to reach proof beyond a reasonable doubt than it does clear and convincing or proof by a preponderance of the evidence, I'm not going to let you do that.

[DEFENSE COUNSEL]: Go ahead, Judge, I'm sorry.

THE COURT: I will let you talk, as I think I did in the last trial we had in here a few weeks ago, talk about this is in the mind of the jurors. I mean, it's the degree - - and I certainly agree that proof beyond a reasonable

doubt is the highest standard. That doesn't mean that it takes more facts or more evidence to reach that standard. I think that is misleading to the jury. That's what I'm trying to avoid.

[DEFENSE COUNSEL]: While I understand the Court's ruling, I would respectfully disagree. I understand what you're asking us to stay away from, but we would object to that.

THE COURT: That's overruled.

[DEFENSE COUNSEL]: We can talk to the jury about other levels of proof and the fact that our judicial system sees beyond a reasonable doubt as the highest burden of proof without saying it requires more facts or a bigger quantity of evidence?

THE COURT: I will let you do that.

[DEFENSE COUNSEL]: Thank you, Judge.

THE COURT: Now, aside from that, whatever else you're asking for in your objection that you filed with the Court is overruled or denied on that stuff.

The trial court has broad discretion over the process of selecting a jury. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003). We leave to the trial court's discretion the propriety of a particular question and will not disturb the trial court's decision absent an abuse of discretion. *Id*. A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry. *Id*. at 755-56.

However, to preserve error, Sanders must show that he was prevented from asking particular questions that were proper. *Id*. at 756. That the trial court generally disapproved of an area of inquiry from which proper questions could have been formulated is not enough because the trial court might have allowed the proper

question had it been submitted for the court's consideration. *Sells*, 121 S.W.3d at 756 (*citing* TEX. R. APP. P. 33.1(a)(1)(A)).

As the above excerpt shows, Sanders complained only about the trial court's general disapproval of an area of inquiry—burdens of proof—from which proper questions could have been formulated. However, Sanders did not present the charts to which he referenced, nor did he give the trial court concrete questions he sought to ask. The trial court's statements indicate that the trial court was willing to allow Sanders to discuss the other burdens of proof. Sanders has not shown that he was prevented from asking particular questions that were proper. We find that Sanders did not preserve this error and therefore issue one is overruled.

*Parole Law*

Sanders complains that the State's closing argument regarding how the parole law would apply to him was erroneous. Sanders concedes that he did not object to the trial court on this basis. We find that an objection was necessary to preserve error regarding this issue. *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 29, 2012
Do not publish
[CRPM]