

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0779-11

---

### LADEREK ADARIOUS FULLER, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

---

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. WOMACK, J., dissented.

### O P I N I O N

Immediately before the voir dire commenced at his trial, the appellant requested that he be permitted to ask the members of the venire panel whether they understood that the standard of proof beyond a reasonable doubt constituted a level of confidence under the law that was higher than both the preponderance of the evidence and the clear and convincing evidence standards. When the trial court denied his request, the appellant objected that he

was thereby denied the right to ask a "proper" question during voir dire, depriving him of the ability to intelligently exercise challenges for cause and peremptory challenges. This objection was expressly overruled. We granted the appellant's petition for discretionary review in order to address whether the trial court erred in denying the appellant's request to propound his question to the venire members. We hold that it did and will reverse.

## FACTS AND PROCEDURAL POSTURE

The appellant was indicted for the offense of capital murder, but the State did not seek the death penalty, and so there was no individual voir dire.[1] On the morning that voir dire was to commence, but before the venire panel was brought into the courtroom, the following colloquy transpired.

> THE COURT: Did you want to go on the record about the reasonable doubt?
>
> [DEFENSE COUNSEL]: Judge, I would request that I be allowed to ask each and every member of the venire panel if they understand that proof beyond a reasonable doubt is the highest burden that we have under the law, that it's higher than clear and convincing evidence. I would like to explain to them that clear and convincing evidence is the type of burden that might be used when someone is committed to an involuntary health institution or when someone is trying to terminate someone's parental rights.
>
> I would like to explain to them that it's higher than – I probably would have started at the other end – but higher than the preponderance of the

---

[1] *See* TEX. CODE CRIM. PROC. art. 35.17 (except when the accused is charged with a capital offense for which the State seeks the death penalty, at the direction of the trial court "the state and the defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel").

evidence, which is just over 50 percent and that's the kind of burden that might be used in a civil lawsuit when someone is suing over money.

I would like to ask them if they understand that proof beyond a reasonable doubt is the highest burden we have anywhere in our legal system.

THE COURT: What is the State's position?

[THE PROSECUTOR]: Your Honor, I believe you do address reasonable doubt within your voir dire and the State is going to accept whatever you think is best in your discretion, Judge.

THE COURT: Okay. Well, I'm going to follow the decision of Paulson versus State, drafted by Judge Mike Keasler, where he refers to the Court's opinions prior to the Geesa decision, which he overruled in Paulson, where he said that we had said the term had commonly accepted meaning. It's not proper for the Court to discuss what reasonable doubt is. The jury is as competent to determine that as the Court. And the opinion concludes like this, "We find the better practice is to give no definition of reasonable doubt at all to the jury."

And my position, [defense counsel], is that you can define something affirmatively and negatively and if you say these things that you wish to say, then you will be, in essence, defining reasonable doubt and, therefore, I'm going to deny your request.

[DEFENSE COUNSEL]: And we would object to that ruling in that it violates the defendant's right to ask the proper question for purpose of making an intelligent challenge for cause and peremptory strike. Under Article 1, Section 10, of the Texas Constitution, Article 35.17(2), of the Texas Code of Criminal Procedure, the Sixth Amendment and due process clause.

THE COURT: On those grounds, overruled.

The appellant abided by the trial court's ruling and made no attempt during voir dire to question any veniremember about the difference between reasonable doubt and the lesser standards of proof.

On appeal, however, he complained of the trial court's ruling. The court of appeals

rejected the appellant's complaint with the following explanation:

> In the instant case, appellant sought to explain the different burdens of
> proof and to elicit whether the jury understood that proof beyond a reasonable
> doubt is the highest burden. We conclude that such an explanation would not
> seek to elicit information from potential jurors, but only seek to explain the
> burden of proof. Only where there is a denial of a specific question that seeks
> to discover a juror's views on an issue applicable to the case is there an abuse
> of discretion. *See Smith* [*v. State*, 703 S.W.2d 641], at 643 [(Tex. Crim. App.
> 1985)].[2]

In his petition for discretionary review, the appellant argues that the court of appeals ignored

clearly contrary case law from this Court. We granted the appellant's petition in order to

address this contention.[3]

## ANALYSIS

In *Sells v. State*,[4] Presiding Judge Keller appropriately encapsulated the state of the

law with respect to the trial court's management of voir dire as follows:

> The trial court has broad discretion over the process of selecting a jury.
> Without the trial court's ability to impose reasonable limits, voir dire could go
> on indefinitely. Thus, we leave to the trial court's discretion the propriety of
> a particular question and will not disturb the trial court's decision absent an
> abuse of discretion. A trial court abuses its discretion when it prohibits a
> proper question about a proper area of inquiry. A question is proper if it seeks

---

[2] *Fuller v. State*, No. 05-09-01099-CR, 2011 WL 285849, at *6 (Tex. App.—Dallas Jan. 31, 2011) (not designated for publication).

[3] *See* TEX. R. APP. P. 66.3(c).

[4] 121 S.W.3d 748 (Tex. Crim. App. 2003).

to discover a juror's views on an issue applicable to the case. However, an otherwise proper question is impermissible if the question attempts to commit the juror to a particular verdict based on particular facts. In addition, a trial judge may prohibit as improper a voir dire question that is so vague or broad in nature as to constitute a global fishing expedition.[5]

Albeit without expressly citing *Sells*, this is the standard that the court of appeals invoked in this case.[6]

In arguing that the court of appeals nonetheless erred to hold that the trial court abused its discretion, the appellant relies principally upon this Court's opinion in *Woolridge v. State*.[7] There, in a prosecution for murder, the defendant attempted to ask a prospective juror, in the presence of the venire panel, about her understanding of the meaning of proof beyond a reasonable doubt.[8] When the trial court sustained the prosecutor's objection, the defendant proceeded to contrast the reasonable-doubt standard with the lesser standards of proof "that they use across the street at the civil courthouse when they decide custody of young children, when they're talking about things, objects, money, that sort of thing."[9] He then alluded to the definition of proof beyond a reasonable doubt that was currently in vogue "over in the

---

[5] *Id*. at 755-56 (marginal citations omitted).

[6] *Fuller*, *supra*, at *5.

[7] 827 S.W.2d 900 (Tex. Crim. App. 1992).

[8] *Id*. at 903.

[9] *Id*.

federal courthouse[,]" namely, "[t]hat degree of certainty which you would rely on without hesitation in making the most important decisions in our own personal affairs."[10] When he next asked one of the prospective jurors whether this federal definition comported with her own, the trial court again sustained the State's objection.[11] On appeal, the court of appeals held that it was within the trial court's discretion to refuse such an inquiry on voir dire.[12]

On discretionary review, we reversed the court of appeals.[13] Characterizing the issue before us to be whether a question that addresses the State's burden of proof of beyond a reasonable doubt "is a proper question for the purposes of voir dire examination[,]" we observed that "[t]he State's burden of proof is an issue applicable to any criminal case because the fact-finder must apply that standard when determining guilt."[14] From this we concluded that Woolridge's question to the veniremember whether her understanding of proof beyond a reasonable doubt comported with the federal definition "was proper because

---

[10] *Id*.

[11] *Id*.

[12] *Id*. at 904.

[13] *Id*. at 907.

[14] *Id*. at 904. A prospective juror who cannot or will not hold the State to the standard of proof beyond a reasonable doubt to convict in a criminal case is subject to the defendant's challenge for cause for harboring "a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely," under Article 35.16(c)2 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 35.16(c)2.

it sought to discover her views on an issue applicable to [Woolridge's] trial, was not repetitious, and was not in an improper form."[15] Our holding was in no way contingent upon the fact that the law did not provide for a particular definition of proof beyond a reasonable doubt at the time of Woolridge's trial, we explained, because

> the fact that no definition will be provided for a term does not render a prospective juror's understanding of that term irrelevant. To the contrary, that understanding becomes more crucial to the intelligent exercise of either the State's or the defendant's peremptory challenges because there is no definition to guide what could be a juror's skewed perception of the term.[16]

Under the circumstances, we held that the trial court abused its discretion to disallow Woolridge's questions seeking to ascertain the veniremember's understanding of proof beyond a reasonable doubt.[17] We have since reiterated that "[a] trial court abuses its discretion if it refuses to allow the defendant to voir dire venirepersons about what they think reasonable doubt means."[18]

The trial court in this case was apparently of the view that it would have been

---

[15] *Id*. at 906.

[16] *Id*.

[17] *Id*.

[18] *Goff v. State*, 931 S.W.2d 537, 550 (Tex. Crim. App. 1996) (citing *Lane v. State*, 828 S.W.2d 764, 766 (Tex. Crim. App. 1992). *See also Dinkins v. State*, 894 S.W.2d 330, 343-45 (Tex. Crim. App. 1995) (in capital murder voir dire, trial court abused its discretion in failing to permit the appellant to ask prospective juror whether he could adhere to the definition of reasonable doubt that was provided under the law at that time, but the error was harmless).

improper for the appellant to instruct the venire panel with respect to the relative standards of proof because the law no longer provides a definition of reasonable doubt. In *Geesa v. State*, this Court adopted a definition of proof beyond a reasonable doubt for the first time, opting for the same federal definition that Woolridge's trial counsel invoked, namely, that reasonable doubt "is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs."[19] Less than ten years later, in *Paulson v. State*, however, we entertained second thoughts about the *Geesa* definition and abandoned it "because the use of 'hesitation' is ambiguous."[20] We found "that the better practice is to give no definition of reasonable doubt at all to the jury."[21] On the strength of our holding in *Paulson*, believing that the appellant's proposal to contrast reasonable doubt with preponderance of the evidence and clear and convincing evidence would be tantamount to defining it for the jury panel, the trial court in this case disallowed it.

We think this was a mistake. As should be evident from the passage from *Woolridge* that we have quoted above, inquiry into a prospective juror's understanding of what proof beyond a reasonable doubt means constitutes a proper question *regardless* of whether the law specifically defines that term. The jury's ability to apply the correct standard of proof

---

[19] 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).

[20] *Paulson v. State*, 28 S.W.3d 570, 572 (Tex. Crim. App. 2000).

[21] *Id*. at 573.

remains an issue in every criminal case. If anything, the fact that current case law has come full circle and once again provides jurors with no definition of reasonable doubt only heightens the incentive for the parties to test the understanding of the veniremembers. And it strikes us as particularly apt to inquire whether a prospective juror understands that proof beyond a reasonable doubt must *at least* constitute a more onerous standard of proof than preponderance of the evidence and clear and convincing evidence. It is but the flip side of the inquiry that prosecutors engage in routinely during voir dire, designed to test whether prospective jurors will hold the State to the inappropriately onerous standard of proof beyond *all* doubt.[22] While neither area of inquiry purports to assign a precise meaning to the term "reasonable doubt"—leaving that for the jurors themselves to supply, according to their own common-sense understanding of the words—they do serve to set the lawful parameters of reasonable doubt and thereby foster the selection of jurors who will not impose a standard of proof upon the State that they know for sure to be either too lenient (preponderance or even clear and convincing) or too burdensome (*all* doubt). The trial court erred to conclude that our opinion in *Paulson* inferentially invalidated these proper areas of inquiry.

In its reply brief, the State essentially concedes that any inquiry about a prospective

---

[22]

*See Wilder v. State*, 111 S.W.3d 249, 252-53 (Tex. App.—Texarkana 2003, pet. ref'd) (prosecutor's explanation to venire panel that proof beyond a reasonable doubt did not mean proof beyond a "shadow of a doubt" or that "we have to prove it a hundred percent" was permissible and did not conflict with this Court's holding in *Paulson*).

juror's personal understanding of reasonable doubt is proper in the abstract,[23] but argues that the court of appeals was correct to find no abuse of discretion in this case, nevertheless, because of what amounts to a deficiency in the *form* of the appellant's inquiry.[24] The court of appeals erroneously characterized the appellant's inquiry as no more than "an explanation" of the contrasting standards of proof, without any specific attempt to gauge the ability of the prospective jurors to recognize and apply the correct standard.[25] "Only where there is a denial of a specific question that seeks to discover a juror's views on an issue applicable to the case," the court of appeals held, "is there an abuse of discretion."[26] In this regard, it is the court of appeals, rather than the trial court, that has made a mistake.

---

[23] State's Brief at 8 ("If, in the present case, the defense had proposed to question the venire on *their* understanding of 'proof beyond a reasonable doubt' as Appellant now asserts, such questioning would have been proper.")

[24] *Id*. ("The questions actually proposed by defense counsel in the present case, however, was whether panel members understood that 'beyond a reasonable doubt' was the highest burden in the legal system. That question did not seek to elicit from the prospective jurors *their* personal views. Rather, the question was part of a proposed explanation comparing the beyond a reasonable doubt burden to the burdens of proof of 'preponderance of the evidence' and 'clear and convincing evidence' and sought only to affirm that the panel members understood that beyond a reasonable doubt was the highest burden.").

[25] *Fuller*, *supra*, at *6.

[26] *Id*. For this proposition, the court of appeals cited this Court's opinion in *Smith v. State*, 703 S.W.2d 641 (Tex. Crim. App. 1985). On page 645 of our *Smith* opinion, we held that it was within a trial court's discretion to disallow a query into prospective jurors' "thoughts" about the insanity defense, in the interest of time limitations, because it "presents so broad a question as to constitute a global fishing expedition." *Id*. at 625. This proposition seems at least analogous to the proposition that the court of appeals cited *Smith* for. We do not think the appellant proposed to ask a similarly broad question, as we explain *post*.

Granted, we have often said that a trial court has discretion to prohibit an otherwise-proper area of inquiry if the proposed questions are "so vague or broad in nature as to constitute a global fishing expedition[.]"[27]  But that principle does not apply here.  It was appropriate for the appellant to explain the contrast among the various standards of proof in this case.  That explanation was a necessary lead-in to the question that the appellant *twice* mentioned to the trial court that he would like to ask the prospective jurors: "I would like to ask them if they understand that proof beyond a reasonable doubt is the highest burden that we have anywhere in our legal system."  A juror who does not understand this concept may prove unable to abide by it, and a juror who cannot abide by it cannot follow the law and would thus be challengeable for cause under Article 35.16(c)2.  Although the appellant did not go on to expressly propose asking the veniremembers specifically whether they could follow the law by regarding the reasonable doubt standard as the highest standard recognized under the law, the question he did propose was sufficiently specific that it cannot fairly be characterized as inciting a "global fishing expedition."  The appellant clearly proffered a question that was at least *relevant to*, if not altogether dispositive of, a legitimate defensive challenge for cause.[28]  Because the objection he made to the trial court's ruling embraced a

---

[27]

    *Woods v. State*, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004) (citing *Sells*, *supra*, at 756, and *Barajas v. State*, 93 S.W.3d 36, 39 (Tex. Crim. App. 2002), the latter of which, in turn, cites *Smith*, *supra*, at 645 (*not* 643)).

[28]

    The State argues that "[p]rospective jurors may form their own definitions of proof beyond a reasonable doubt and they are not challengeable for cause based upon the type of and amount of

complaint that he was denied the right to ask a question that was "proper . . . for purpose of making [a] . . . challenge for cause," and the trial court expressly overruled that objection, we hold that the trial court abused its discretion. Accordingly, we reverse the judgment of the court of appeals.

## CONCLUSION

The State contends that error in denying the appellant the ability to ask a proper question was harmless on the particular facts of this case. This type of error is indeed subject to a harm analysis,[29] but the appellant has not briefed this question, and the State does not convince us that the error is so plainly harmless that we should conduct that review for the first time on discretionary review in the interest of judicial economy.[30] Therefore, we remand

evidence they require to reach that level of confidence. *Murphy v. State*, 112 S.W.3d 592, 598 (Tex. Crim. App. 2003)." State's Brief at 12-13. True enough, but beside the point. While a prospective juror is not challengeable for cause for implementing his own personal threshold of reasonable doubt that is within the permissible range of understanding of that term, *see Murphy*, *supra*, at 597-98, and cases discussed therein, he *would* be challengeable for cause if he insisted on equating proof beyond a reasonable doubt with either preponderance of the evidence or clear and convincing evidence—just as he would be manifestly challengeable for cause if he insisted on understanding proof beyond a reasonable doubt to mean proof beyond *all conceivable* doubt. *See Cook v. State*, 858 S.W.2d 467, 471 (Tex. Crim. App. 1993) (quoting *Jacobs v. State*, 787 S.W.2d 397, 404 (Tex. Crim. App. 1990), to the effect that "[i]f a prospective juror manifests an intention to hold the State to a stricter standard of proof than that of beyond a reasonable doubt, then that juror is subject to a challenge for cause under Article 35.16(b)(3), V.A.C.C.P."); George E. Dix & John M. Schmolesky, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 41:66, at 726 (3rd ed. 2011) ("A panelist who states in a capital murder case that he or she would require proof beyond all doubt or to the point where there is 'no shadow of a doubt' is challengeable for cause.").

[29]   *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005); *Jones v. State*, 223 S.W.3d 379 (Tex. Crim. App. 2007).

[30]   *See Johnston v. State*, 145 S.W.3d 215, 224 (Tex. Crim. App. 2004) ("Normally, having found

the cause to the court of appeals to conduct a harm analysis in the first instance. On remand,

the court of appeals may entertain additional briefing on the issue of harm, *vel non*, at its

discretion.

DELIVERED:        March 28, 2012
PUBLISH

---

that the court of appeals erred in upholding the admission of this evidence, we would remand the case to that court to conduct a harmless error review. However, in this case, the State argues, and we agree, that any error is so plainly harmless that we should resolve that issue for the sake of judicial economy."); *McDonald v. State*, 179 S.W.3d 571, 579-80 (Tex. Crim. App. 2005) (Cochran, J., concurring) ("Normally, . . . [w]e defer to the intermediate court and provide it with the initial opportunity to assess the degree of harm in light of the entire record, and, perhaps more importantly, to provide the parties an opportunity to fully brief the issue of harm. * * * [W]e . . . rarely exercise our authority to make an initial harmless error review.").