

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00018-CR

**DAMIAN DEMITRIUS EASLEY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1429-C1

## MEMORANDUM  OPINION

The State indicted Damian Demetrius Easley on aggravated assault with a deadly weapon in Count 1 and assault dating violence in Count 2. The State waived Count 1 and proceeded to trial on Count 2. The jury convicted Easley of assault dating violence, and the trial court assessed punishment at twenty years confinement. We affirm.

**Voir Dire**

In his sole issue on appeal, Easley complains that the trial court erred in prohibiting him from contrasting different standards of proof during voir dire. During voir dire, the trial court explained:

> That standard is called proof beyond a reasonable doubt. It is entirely up to you as an individual juror, if you're selected as a juror, to determine what constitutes proof beyond a reasonable doubt. The law does not define it for you.

The trial court further discussed that proof beyond a reasonable doubt is not based upon how many witnesses are called or the amount of evidence introduced at trial. The trial court noted that each individual juror must determine whether the State produced enough evidence to satisfy the concept of beyond a reasonable doubt.

Easley's trial counsel began to discuss the standard of proof in a civil trial to show that it is different. The trial court informed him that he could not compare standards of proof. Trial counsel later stated that probable cause is required for police to arrest someone or give a ticket. The trial court stated "I don't allow you to get into a stairstep thing of probable cause and reason to believe and that sort of stuff. … We're talking about the standard of proof that applies here but nothing else." Later counsel asked jurors why the standard of proof is different in civil trials. After one member of the panel answered "because of the seriousness of the issue," the trial court reminded counsel not to compare standards of proof. At the end of voir dire, trial counsel objected that he was not able to ask certain questions and that he would have discussed the different standards of proof.

The trial court has broad discretion over the process of selecting a jury. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003). We leave to the trial court's discretion the propriety of a particular question and will not disturb the trial court's decision absent an abuse of discretion. *Id*.

Easley was tried in January 2012, and in March 2012, the Court of Criminal Appeals decided *Fuller v. State*, 363 S.W.3d 583 (Tex. Crim. App. 2012). In *Fuller*, the Court stated the jury's ability to apply the correct standard of proof remains an issue in every criminal case. *Fuller v. State*, 363 S.W.3d at 587. The Court that held that inquiry into whether a prospective juror understands that proof beyond a reasonable doubt must at least constitute a more onerous standard of proof than preponderance of the evidence and clear and convincing evidence is permissible. *Id*. The Court further found that it is appropriate to explain the contrast among the various standards of proof. *Fuller v. State*, 363 S.W.3d at 588. Therefore, the trial court erred in not allowing Easley to question the jury panel on the differences between the criminal and civil burdens of proof.

The denial of appropriate questioning during voir dire constitutes nonconstitutional error that is subject to harm analysis. *See Fuller v. State*, 363 S.W.3d at 589; *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). A reviewing court should disregard any "error, defect, irregularity, or variance that does not affect substantial rights" of the appellant. TEX. R. APP. P. 44.2 (b). A substantial right is affected "when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Rich v. State*, 160 S.W.3d at 577. In conducting the harm analysis, we consider

everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Id.*

During voir dire, the trial court instructed the jury panel that at all times the State has the burden of proof, that the State has to produce evidence, and that the defendant does not have to produce evidence because he is presumed innocent. The trial court thoroughly discussed the beyond a reasonable doubt standard of proof. The error in denying the questions comparing the standards of proof did not shift the burden to the defense or lessen the State's obligation to prove its case beyond a reasonable doubt. *See Anderson v. State*, No. 07-10-139-CR, 2012 Tex. App. Lexis 6232, (Tex. App.—Amarillo July 30, 2012) (mem. op., not designated for publication).

Trial counsel was allowed to ask the first forty-four members of the jury panel "now after you've looked at all the evidence, if there is something that raises in your mind a single doubt based on reason as to assault, what's your verdict?" Each person indicated the verdict would be "not guilty."

The victim testified at trial that Easley hit her, pulled her hair, and choked her. The jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Easley does not challenge the sufficiency of the evidence to support his conviction. *See Anderson v. State* at *8.

The charge instructed the jury that the State has the burden of proof and must prove each element of the charged offense beyond a reasonable doubt. During closing arguments, trial counsel emphasized that the State had not met its burden of proving the offense beyond a reasonable doubt.

At the time of trial, the trial court did not have the benefit of the decision in *Fuller* and improperly limited Easley's voir dire; however, the jury was properly and clearly instructed that the State had the burden of proving guilt beyond a reasonable doubt. *See Anderson v. State* at *9. We find that the trial court's improper limiting of voir dire did not have a substantial and injurious effect or influence on the jury's verdict. *See* TEX. R. APP. P. 44.2 (b); *Anderson v. State* at *10. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed September 13, 2012
Do not publish
[CR25]