# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00006-CR

**Ernest Rene Luna, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2010-196, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Ernest Rene Luna of possession of four grams or more but less than 200 grams of a controlled substance with intent to deliver, a first degree felony. *See* Tex. Health & Safety Code § 481.112(a), (d). The trial court assessed appellant's punishment, enhanced by a prior felony conviction, at confinement for 40 years in the Texas Department of Criminal Justice and a $5,000 fine. *See id.* § 12.42(c)(1). In a single point of error on appeal, appellant asserts that the trial court erred in limiting his voir dire questioning. Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. We affirm the trial court's judgment of conviction.

# DISCUSSION

During defense counsel's voir dire, when discussing the elements that the State had the burden to prove for a possession offense, appellant's counsel began to discuss the concept of whether mere presence near an item demonstrates intentional or knowing possession of it:

> Now, the state needs to show that he knowingly and intentionally possessed. Mere proximity is not enough. Just because you are standing next to something doesn't mean that you intentionally and knowingly exercised control over it. Which is perfectly analogous to a car. There can be four or five people in the car and not everybody knows what is in that car. Would you agree with that statement, [named venire person]?

After the venire person agreed, appellant's counsel continued asking the same question of the first two rows:

> How about the rest of this front row? That just because you are in the car doesn't really necessarily mean you know what is in the entire car. Would that be a safe statement? Second row?

At that point, the State asked to approach. At the ensuing bench conference, the prosecutor objected to counsel's question asserting that it was an improper commitment question.[1] The trial court sustained the State's objection. Appellant's counsel then moved on to another line of questioning. In his sole point of error, appellant argues that the trial court erred in "disallowing voir dire questions

---

[1] Specifically, the prosecutor argued, "Your Honor, what he is saying, just because everybody is in a car doesn't mean everybody knows what is in that car. And he is asking them to commit to there's no —."

intended to explore jurors['] views regarding whether mere presence in the vicinity of a controlled substance is sufficient to constitute possession."

We review a trial court's ruling regarding the limitation of voir dire questioning for an abuse of discretion. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). Our focus is whether appellant proffered a proper question regarding a proper area of inquiry. *Hernandez*, 390 S.W.3d at 315; *Howard v. State*, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996), *overruled on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Fuller v. State*, 363 S.W.3d 583, 585 (Tex. Crim. App. 2012) (citing *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003)); *Barajas*, 93 S.W.3d at 38. An otherwise proper question is impermissible, however, if it attempts to commit the juror to a particular verdict based on particular facts. *Barajas*, 93 S.W.3d at 38; *Standefer v. State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001). A commitment question is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact. *Hernandez*, 390 S.W.3d at 315 (citing *Standefer*, 59 S.W.3d at 179).

Appellant contends that the question posed by his counsel was not an improper commitment question but "a proper attempt to discover whether any venireperson would automatically impute knowledge of contraband based solely on a person's mere presence at a location where it was found." *See, e.g.*, *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006) ("Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs."). According to the State, however, the question was

3

an improper commitment question because it "asked for the venire persons to commit to the proposition that if you are in the car doesn't really necessarily mean you know what is in the entire car." We need not reach the issue of whether the question was a proper question seeking to discover the jurors' views regarding mere presence or an improper commitment question because we conclude that appellant waived his complaint regarding the trial court's purported limitation on voir dire questioning.

A trial court abuses its discretion if it refuses to allow proper questions about a proper area of inquiry. *Fuller*, 363 S.W.3d at 585 (citing *Sells*, 121 S.W.3d at 755–56); *Barajas*, 93 S.W.3d at 38; *Wright v. State*, 28 S.W.3d 526, 534 (Tex. Crim. App. 2000). However, contrary to appellant's claim, that is not what happened here. Here, appellant asked his question and the State asked to approach the bench. During the bench conference, the State's objection was to the form of the question, based on counsel's use of facts specific to the case (multiple individuals together in a car where contraband was found), not to the fact that counsel had asked whether prospective jurors would automatically impute intentional or knowing possession of an item based on mere proximity to it. Accordingly, the trial court's ruling was directed to the question's *form*, not to its substance. This ruling in no way prohibited appellant from attempting to rephrase his question and ask it again, thereby covering the desired topic with the venire.

If the trial court merely limits a question due to its form, trial counsel must determine the basis of the limitation and attempt to fashion a query that complies with the perceived inadequacy. *Wright*, 28 S.W.3d at 534; *see Howard*, 941 S.W.2d at 110–11. Moreover, when the trial court disallows a question but places no absolute limitation on the underlying substance of a

4

defendant's voir dire question, it is incumbent upon defense counsel to rephrase the phrased query; otherwise, the defendant waives objection to the voir dire restriction. *Howard*, 941 S.W.2d at 108, 110–11; *Guerra v. State*, 771 S.W.2d 453, 468–69 (Tex. Crim. App. 1988); *see Hernandez*, 390 S.W.3d at 315.

Here, appellant made no attempt to determine the basis of the trial court's ruling and made no attempt to comply with that ruling. The trial court placed no absolute limitation on the subject area of the excluded question. The court merely deemed improper the form of the question. In sustaining the State's objection, the trial court in no way intimated that appellant could not ask a properly worded question regarding the prospective jurors' views on whether mere presence alone demonstrates intentional or knowing possession. The trial court did not order counsel to discontinue questioning in the area of inquiry, but merely disallowed the particular question. Instead of rephrasing the question and continuing the line of questioning, counsel chose to move on to a different topic. Because appellant did not follow through on this topic, we cannot say that the trial court improperly restricted his voir dire. *See Leal v. State*, No. 03-11-00298-CR, 2014 WL 709550, at *5 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op., not designated for publication) ("When a trial court sustains an objection to a question but does not impose an absolute limitation on defense counsel's right to question prospective jurors about a particular subject matter, the defendant's right to voir dire examination is not improperly restricted."); *see also Bolden v. State*, 73 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (concluding that because counsel failed to rephrase question and continue line of questioning but instead chose to move on to different topic, appellant waived any complaint regarding disallowed question). We overrule appellant's sole point of error.

## CONCLUSION

Having overruled appellant's single point of error, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   January 14, 2015

Do Not Publish