Robert BORSARI, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–00948–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1996.

Janet Seymour Morrow, Spring, for appellant.

Scott A. Durfee, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

YATES, Justice.

Appellant, Robert Borsari, pled guilty pursuant to a plea agreement to the offense of solicitation of capital murder. TEX.PENAL CODE ANN. §§ 15.03, 19.03 (Vernon 1974 & Supp.1994).[1] The trial court assessed punishment at five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings two points of error alleging the trial court erred in overruling a motion to suppress evidence. We affirm.

Appellant solicited his friend to murder his wife.[2] The friend informed a police officer of their plans, provided the officer with a tape recording of a conversation in which appellant expressed his desire to kill his wife, and led the officers to a location where some of the evidence was located. Based on this information, the officer obtained an arrest-search warrant, which he promptly executed. The warrant stated that affiant believed appellant committed the offense of attempted capital murder, instead of solicitation of capital murder, the crime for which he was ultimately charged. Prior to entering his plea, appellant moved to suppress evidence obtained pursuant to the search and arrest warrant. The trial court denied the motion.

Appellant asserts in two points of error that the trial court erred in denying the Motion to Suppress because the affidavit supporting the arrest-search warrant was fatally defective, and the warrant invalid. As a result, he asserts, the search and seizure conducted pursuant to the warrant was illegal under the Fourth Amendment of the

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

2. The record is unclear whether appellant was married to Bobbi Bosari at the time he sought to murder her. To avoid confusion, we will refer to Bobbi Bosari as appellant's wife.

United States Constitution and Article I, Section 9 of the Texas Constitution, and the evidence obtained as a result of the illegal search was inadmissible under both the federal and state exclusionary rules. Moreover, appellant submits, the good faith exceptions to the exclusionary rules under *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and Article 38.23(b) of the Texas Code of Criminal Procedure are inapplicable in this instance.

■■■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Because the trial judge is the sole fact finder at a hearing on a motion to suppress evidence obtained in a search, an appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). An appellate court will not reverse the trial judge's decision on the admissibility of the evidence unless the judge clearly abused his discretion. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

■■■ As a threshold matter, we first address the State's contention that appellant waived review because he failed to bring forward sufficient record to support the trial court's ruling. The State contends that the record reflects appellant failed to defeat the presumption of proper police conduct by establishing that he was actually arrested or searched, or that there were any fruits from the search. The State also contends that appellant failed to show that he was arrested and searched on the basis of the warrant at issue, and not on the basis of some independent reason such as consent, abandonment, absence of standing, plain view, or discovery of another valid warrant. The State's contentions are without merit.

■■■ In a motion to suppress evidence allegedly seized in violation of the federal and state constitutions, the defendant bears the initial burden to produce evidence that defeats the presumption of proper police conduct. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim.App.1986); *Mattei v. State*, 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970); *Hahn v. State*, 852 S.W.2d 627, 628 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). A defendant meets his initial burden by establishing that a search or seizure occurred without a warrant. *Russell*, 717 S.W.2d at 9. Once met, the burden shifts to the State to produce evidence of a warrant. *Id.* at 9–10. Once the State produces evidence of a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10.

The record reflects that the State provided evidence that appellant was arrested and searched on the basis of the warrant at issue in this case. Appellant filed a Motion to Suppress asking the trial court to suppress all evidence obtained in the search and challenging the validity of the warrant because of alleged deficiencies in the affidavit supporting the warrant. At the hearing on appellant's motion, the State's witness, Officer Richard Maxey, who was the affiant of the probable cause affidavit upon which the warrant issued and also the arresting officer, testified that he filed charges against appellant after investigating the allegations made by appellant's friend. He further testified that an assistant district attorney prepared the warrant to search and arrest appellant, and that after obtaining the magistrate's signature on the warrant, he executed the warrant the following day. The trial court then admitted the warrant and its supporting affidavit into evidence.

Because the State provided evidence of the affidavit, warrant, and arrest, appellant's remaining burden was to show the warrant was invalid, which he attempted to do in the Motion to Suppress. By bringing forth the State's exhibits which include the warrant and affidavit, the Motion to Suppress, and other documents in the transcript, as well as the statement of facts from the suppression hearing, appellant provides this Court with a sufficient record for review. We now address the merits of appellant's points of error.

■ In his first point of error, appellant contends the good faith exception to the federal constitutional probable cause requirement enunciated in *Leon* is inapplicable in this case because the State failed to prove the objective standard of reasonableness that the exception requires. Specifically, appellant contends that it was objectively unreasonable for the attesting officer, who was an experienced investigator, to believe appellant had committed the offense of attempted capital murder on the facts stated in the affidavit because the facts do not show that an attempt on the wife was ever made. Moreover, appellant contends, the attesting officer could not execute the defective warrant in good faith because the warrant issued upon his own misrepresentation.

We do not reach the merits of this point of error because appellant fails to demonstrate to this Court that he met his burden of proof to show that the warrant was invalid under the Fourth Amendment simply because the attesting officer reached an incorrect conclusion of law as to which offense appellant committed.[3] *See Russell,* 717 S.W.2d at 10. Only if the warrant were invalid, and appellant's Fourth Amendment rights violated, would we reach the issue of the applicability of the good faith exception to the federal exclusionary rule in this instance. *See Arizona v. Evans,* —— U.S. ——, ——–——, 115 S.Ct. 1185, 1192–193, 131 L.Ed.2d 34 (1995) (reaffirming the rule stated in *Leon* that the issue of exclusion of evidence is separate from whether the Fourth Amendment has been violated). Appellant's first point of error is overruled.

In his second point of error, appellant maintains the State may not rely on the Texas good faith exception to the exclusionary rule enunciated in Article 38.23 of the Texas Code of Criminal Procedure in support of the admissibility of the evidence because Article 38.23 applies only if the affidavit supporting the warrant sets forth grounds for probable cause. *See* TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon Supp.1996); *Gordon v. State,* 801 S.W.2d 899, 912–13 (Tex.Crim. App.1990), *overruled on other grounds by Heitman v. State,* 815 S.W.2d 681 (Tex.Crim. App.1991); *Lockett v. State,* 852 S.W.2d 636, 637–38 (Tex.App.—Houston [14th Dist.] ), *remanded on other grounds,* 861 S.W.2d 253 (Tex.Crim.App.1993).

■ A reviewing court gives great deference to a magistrate's determination that an affidavit establishes the existence of probable cause. *Johnson v. State,* 803 S.W.2d 272, 289 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259,. 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991) *and overruled on other grounds by Heitman v. State,* 815 S.W.2d 681 (Tex. Crim.App.1991). *See also United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Furthermore, because of the preference of the legislature for utilization of the warrant process by the police, search warrant affidavits are reviewed in a common-sense, not a hypertechnical manner. *Janecka v. State,* 739 S.W.2d 813, 823 (Tex. Crim.App.1987).

■ An affidavit in support of an evidentiary search warrant must set forth sufficient facts to establish probable cause that: (1) a specific offense has been committed; (2) the specifically described property or items to be searched for constitute evidence of the offense or evidence that a particular person committed the offense; and (3) the property or items to be searched for or seized are located at the place to be searched. TEX. CODE CRIM.PROC.ANN. art. 18.01(c) (Vernon Supp.1996); *Thacker v. State,* 889 S.W.2d 380, 387 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), *cert. denied,* —— U.S. ——, 116 S.Ct. 57, 133 L.Ed.2d 21 (1995).[4] The

---

3. In his Motion to Suppress appellant challenged the validity of the warrant. However, at the hearing on the motion, appellant presented no evidence, and argued only the inapplicability of the good faith exceptions under federal and state law. The State argued that the warrant was valid, and if invalid, the officer executed the warrant in good faith because the warrant was based on probable cause. The trial court denied appellant's Motion to Suppress without stating the reasons for its denial.

4. Both parties address the sufficiency of the affidavit pursuant to Article 18.01(c) of the code of criminal procedure which enumerates specific facts that must be alleged to establish probable cause to issue an evidentiary search warrant under subdivision 10 of Article 18.02 of the code of criminal procedure. Therefore, we confine

task of the magistrate evaluating the affidavit is to make a practical, common-sense decision whether, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Johnson,* 803 S.W.2d at 288. *See also Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983) (articulating the "totality of the circumstances" standard). In making this determination, the magistrate is not bound by standards such as proof beyond a reasonable doubt or preponderance of the evidence. *Johnson,* 803 S.W.2d at 288. The magistrate's sole concern is probability. *Id.* Although the magistrate is bound by the four corners of the document, he may nonetheless make reasonable inferences from the facts and circumstances contained in the affidavit. *Thacker,* 889 S.W.2d at 387. *See also Bower v. State,* 769 S.W.2d 887, 902 (Tex.Crim. App.), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989) *and overruled on other grounds by Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991).

 A complaint in support of an arrest warrant must: (1) state the name of the accused or some reasonable description of him if his name is unknown; (2) show that the accused has committed some offense either directly or state that the affiant has a reasonable belief that the accused has committed such offense; (3) state the time and place of the commission of the offense; and (4) be signed by the affiant. TEX.CODE CRIM. PROC.ANN. arts. 15.04, 15.05 (Vernon 1977). A complaint need not contain the same particularity required of an indictment, *Janecka v. State,* 739 S.W.2d at 822–23, but must state facts sufficient to show the commission of an offense charged. *Vallejo v. State,* 408 S.W.2d 113, 114 (Tex.Crim.App.1966). The information in a complaint is not required to be the same quantity or quality as the evidence required for a conviction; it need only be sufficient for appellant to ascertain with what he is being charged so that he can properly prepare a defense. *Janecka,* 739

our analysis of the sufficiency of the affidavit to the requirements of Article 18.01(c).

S.W.2d at 823; *Vallejo,* 408 S.W.2d at 114. A complaint for an arrest warrant which, standing alone, is conclusory and does not reflect probable cause is invalid. *Reyes v. State,* 741 S.W.2d 414, 429 (Tex.Crim.App. 1987).

 A person commits criminal attempt if, with specific intent to commit an offense, he acts in a manner that is more than mere preparation that tends but fails to effect commission of the offense. TEX.PENAL CODE ANN. art. 15.01 (Vernon Supp.1994). Appellant maintains the officer's supporting affidavit, in this case, did not allege facts sufficient to support a basis for determining probable cause that appellant committed the offense of attempted capital murder because the facts asserted establish nothing more than mere preparation. Officer Maxey stated in his affidavit that he spoke with a credible informant who told him that appellant asked him if he would be willing to kill appellant's wife, and that they started planning the killing and making purchases of items necessary to carry out the plan. The affidavit listed the items they purchased and details of the plan, including information retrieved from a recorded conversation between appellant and the informant. Maxey further stated he talked with another officer who informed him that appellant's wife had a $75,000 life insurance policy that named appellant as the beneficiary. Maxey said the informant also told him that appellant had mounted the scope on the rifle he intended to use to kill his wife, cut carpet to hide the rifle, and assembled other materials in a duffel bag, which he stored in his garage at a named address.

In reviewing the affidavit in support of the arrest-search warrant in a common-sense manner under the standards noted above, we find the affiant alleged facts sufficient to support a reasonable inference that appellant committed an inchoate offense in anticipation of committing capital murder. Criminal attempt and solicitation are both inchoate crimes. *See* TEX.PENAL CODE ANN. §§ 15.01, 15.03 (Vernon Supp.1994).[5] It is of no conse-

5. An inchoate offense is "[a]n incipient crime which generally leads to another crime." BLACK'S LAW DICTIONARY 761 (6th ed. 1990). The

quence that the affiant may have reached the wrong legal conclusion as to which inchoate offense appellant committed in assessing the facts available to him. *See Villegas v. State,* 791 S.W.2d 226, 234–35 (Tex.App.—Corpus Christi 1990) (complaint in support of capital murder warrant sufficient where facts reflected probable cause to arrest for lesser charge of murder); *Hall v. State,* 753 S.W.2d 438, 441 (Tex.App.—Texarkana 1988), *rev'd on other grounds,* 795 S.W.2d 195 (Tex.Crim. App.1990) (citation of wrong statute as offense affiant believed to be violated did not invalidate warrant).

Because the affidavit alleged sufficient facts from which the magistrate concluded probable cause existed to issue the arrest-search warrant, appellant has not met his burden of showing the warrant is invalid. Because the warrant is valid, we need not address the applicability of the good faith exception to the Texas exclusionary rule under Article 38.23 of the Texas Code of Criminal Procedure. Appellant's second point of error is overruled.

Accordingly the judgment of the court below is affirmed.

FOWLER, J., not participating.

offenses of criminal attempt and solicitation are found in Chapter 15. Preparatory Offenses of

Title 4. Inchoate Offenses of the Texas Penal Code.